UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JD INVESTMENT CO., LLC, a Washington
limited liability company, directly and derivatively
on behalf of AGRIHOUSE, LLC, a Washington
limited liability company,

    Petitioner,

    v.

AGRIHOUSE, INC., a Colorado corporation,
and ROBERT J. ATWELL, JR., an individual
residing in the State of Florida,

    Respondents.

CASE NO. C08-1661RSM

ORDER ON RESPONDENTS' MOTION
TO DISMISS OR, IN THE
ALTERNATIVE TO REFRAIN FROM
EXERCISING JURISDICTION

        Petitioner JD Investments, Inc., a Washington limited liability corporation, filed this petition for

an order to compel arbitration, invoking the jurisdiction of this Court pursuant to the Federal Arbitration

Act, 9 U.S.C. § 4.  The petition asks the Court to enforce an arbitration clause contained in a June 2,

2008 agreement titled "Limited Liability Company Operating Agreement of Agrihouse, LLC"

("Operating Agreement"), and signed by Richard Stoner on behalf of Agrihouse, Inc.; James Rulfs on

behalf of JD Investment Co.; and by Robert Atwell, Jr.   Dkt. # 1, Exhibit A.  The Operating Agreement

sets forth the conditions for formation and operation of Agrihouse, LLC, which under Schedule A

attached to the Operating Agreement is owned 80% by Agrihouse, Inc., and 10% each by JD

Investments, Inc., and Robert Atwell, Jr., *Id.*  The arbitration clause appears at Section 12.13(d) of the

ORDER - 1

Operating Agreement.[1]  *Id.*

Respondents have moved to dismiss the petition pursuant to F.R.Civ.Proc. 12(b)(1), 12(b)(3), and 12 (b)(6) or, in the alternative, asking this Court to refrain from exercising jurisdiction due to an earlier-filed case between the same parties and regarding the same Operating Agreement, filed in the United States District Court for the District of Colorado.  Petitioner has opposed the motion, arguing that the first-filed case represents nothing more than an attempt at an "end run" around the arbitration clause. This Court, however, finds on the facts and allegations before it at this time good cause to refrain from exercising jurisdiction.   For the reasons set forth below, the Court therefore shall decline to reach the merits of the Rule 12 motion and shall dismiss this action without prejudice in favor of the Colorado litigation.

The basis of respondents' motion is the assertion that the arbitration clause is unenforceable because the Operating Agreement itself is incomplete and therefore unenforceable.  This assertion is based in part upon a recital in the opening paragraphs of the Operating Agreement, stating, "Whereas, pursuant to an asset purchase agreement to be executed between Company and Agrihouse, which is incorporated by reference . . . "  Operating Agreement, p. 1.  According to respondents, this asset purchase agreement was never executed.  Petitioner has not refuted that statement.  According to respondents' argument, the absence of this key provision renders the Operating Agreement unenforceable as a matter of law.  Respondents therefore filed a complaint for a declaratory judgment in the District of Colorado, asking the district court to declare the Operating Agreement unenforceable. *See,* Dkt. # 3-12.  That action was filed November 5, 2008, prior to the filing date of this action. Respondents now ask this Court, pursuant to the "first to file" rule, to refrain from exercising jurisdiction over the petition for arbitration until the Colorado court can determine the validity of the Operating Agreement and the parties' right therein.

The "first to file" rule is a general doctrine of federal comity which "permits a district court to

---

[1]Section 12.13 of the Operating Agreement is confusing in that it refers internally to Section 11.14, stating that "This <u>Section 11.14</u> shall apply to any dispute arising under or related to this Agreement. . . . The provisions of this <u>Section 11.14</u> shall be the exclusive method of resolving Disputes. Dkt. # 1, Exhibit A, Operating Agreement, Section 12.13(a) (underlining as in original).

ORDER - 2

decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Systems, Inc., v. Medtronic, Inc.*, 678 F. 2d 93, 95 (9th Cir. 1982). Sound judicial administration directs that "when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served in proceeding in the second action." *Id*. The rule "normally serves the purpose of promoting efficiency well and should not be disregarded lightly." *Id*., quoting *Church of Scientology of California v. United States Department of the Army*, 611 F.2d 738, 750 (9th Cir. 1979).

Petitioner contends that the rule of comity applies only to two identical actions, and that these are not identical, since they seek here only enforcement of the arbitration clause in the Operating Agreement, whereas respondents seek in the Colorado action a determination that the Operating Agreement is unenforceable. Petitioners' argument neglects the important point that if the Operating Agreement is unenforceable, the arbitration clause in the Operating Agreement is unenforceable as well. This Court cannot proceed to enforce the arbitration clause until the validity and enforceability of the agreement as a whole has been determined. The enforceability of the Operating Agreement has been put at issue in this action by respondents, making the two actions identical in issues as well as in parties and subject matter. Any determination by this Court on enforceability would duplicate the effort already underway in the Colorado court. It would best serve the interests of judicial comity and efficiency for this Court to refrain from exercising jurisdiction so that the Colorado court may proceed in the first-filed action.

Accordingly, respondent's motion (Dkt. # 3) is GRANTED as to the request that this Court refrain from exercising jurisdiction, and this action is DISMISSED without prejudice pursuant to the "first to file" rule.

DATED this 13 Day of January 2009.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3